STATE, *ex rel* EDWIN BROBSTON, v. CHAS. E. CULBREATH, as Clerk of the Circuit Court, and *ex-officio* Clerk of the Board of County Commissioners in and for Hillsborough County.

168 So. 244.

Opinion Filed May 12, 1936.

*Edwin Brobston, in Propria Persona;*

*John B. Sutton* and *John M. Allison,* for Respondent.

PER CURIAM.—The relator in applying under Section 383 (326) C. G. L., to qualify as "a candidate for nomination for the office of" member of the House of Representatives in the Legislature of Florida subscribed to an oath that he is a qualified (but not registered) voter of Hillsborough County, Florida, the words, "but not registered" shown in parenthesis, being added by the relator to the statutory oath.

The respondent refused to accept the relator's oath, so qualified as a proper one to be made, in becoming a candi-

date for nomination for an office in the approaching Primary Election under the statutes of the State regulating Primary Elections. This court issued an alternative writ of mandamus commanding the respondent to "forthwith accept and file relator's sworn statement, receipt for committee assessment and filing fee as a candidate for nomination for the office of representative to the State Legislature in Group one from Hillsborough County, or to show cause for" not doing so.

Respondent by return and answer avers that he "did reuse to accept said fees and to file such oath for the reason that said oath was not in compliance with the sworn statement prescribed in Section 383, Compiled General Laws of Florida, 1927. That said oath was not substantially in the form prescribed by law in that, by interlineation, there was inserted therein the words enclosed in parenthesis in the following quoted clause; 'That he is a qualified (but not registered voter of Hillsborough County, Florida,' etc. That under the law of the State of Florida, a candidate for office must be duly registered as a qualified voter to qualify as a candidate for such office."

Relator moves to strike the answer and return and for a peremptory writ upon the ground that the return and answer are insufficient in law and present no defense to the alternative writ.

The statutes provide that:

"Every candidate for nomination to any office" named in the primary Law "Shall be required to take and sign and subscribe to an oath or affirmation in writing, in which he shall state * * * that he is a qualified voter of this State, giving the name of the county of his legal residence." Sec. 383 (326) C. G. L.

Section 248 (215) C. G. L., defines qualified electors as

"Every person of the age of twenty-one years and upwards, that shall at the time of registration be a citizen of the United States, and shall have resided and had his or her habitation, domicile, home, and place of permanent abode in Florida for one year, and in the county for six months, shall, if otherwise qualified according to law in such county be deemed a qualified elector at all elections under the Constitution. * * * Provided, that the following classes of persons shall not be entitled to vote:

"First.    Persons not duly registered according to law. * * *

"Sixth.    No person shall be permitted to vote at an election who shall have failed to pay, at least on or before the fourth Saturday preceding the day of such election, his or her poll taxes for the two years next preceding the year in which such election shall be held; Provided, that no person shall be prevented from voting on account of not having so paid a poll tax for any year which shall not have been lawfully assessable against him or her by reason of his or her not having been of age, or having been over fifty-five years of age, or who has lost a limb in battle, or who shall have become disabled in the United States Army or Navy service, and who shall have procured and shall exhibit the certificate of the supervisor of registration to that effect as hereinafter provided for; and no person who became eligible to qualify as an elector in the year A. D. 1920, shall be prevented from voting because of not having paid a poll tax for that year; Provided, that no person who has not been in this State for one year previous to any general election, shall be required to pay more than one year's poll taxes; provided, that no person who has only been a resident of this State one year must first produce a

poll tax receipt from the State from which they moved from, before being permitted to vote.

"Seventh. No person shall be permitted to vote, or shall such vote be counted, unless the person registers to vote in the election district in which he or she shall have his or her permanent place of residence."

See also Sections 1, 2, 3, 4, 8, Article VI, Constitution; Sections 369 (312), 419 (362) C. G. L.

As the statutes make due registration essential to become a "qualified elector" or "qualified voter, "and as the relator shows he is not registered so as to be a "qualified voter," he has not complied with the requirement of the statute regulating primary elections, that "every candidate for nomination to any office herein provided for shall be required to take oath and sign and subscribe to an oath or affirmation in writing in which he shall state * * * that he is a qualified voter of the State, giving the name of the county of his legal residence." The statute requires the sworn statement to be *substantially* in the form prescribed in the statute, but the elements of the "sworn statement" are specifically stated in the preceding part of the statute; and the qualification, "but not registered," added to the statutory form of the required sworn statement, makes a substantial and material variation from the prescribed statutory form, since to be a "qualified voter" so as to become a candidate in the primary election, the party must have been duly registered as required by the statute.

Peremptory writ denied.

WHITFIELD, C. J., ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

DAVIS, J. (concurring).—I was absent when this case was presented but concur in the opinion and judgment

for the following additional reason to those stated in the opinion: a candidate, to be eligible to run in a Democratic primary, must be a member of the Democratic party as well as a "qualified" elector. No "qualified" elector whose party affiliation is not that of a registered Democrat can lawfully be deemed a member of the Democratic party for the purpose of being a candidate in a Democratic primary election.