PER CURIAM.
James A. McCauley qualified for the office of Judge of the Court of Record of Broward County. Plaintiff seeks to have McCauley’s name expunged from the ballot and to have him declared ineligible. The trial court found McCauley to be qualified and denied relief to plaintiff. We affirm.
The undisputed facts are as follows:
By Chapter 70-537, Laws of Florida, Regular Session, 1970, the legislature created an additional judge for the Court of Record in and for Broward County, Florida. The act provided that it would take effect July 1, 1970, and that the judge would be elected in November, 1970, to take office on January 5, 1971.
*669 The qualifying date for the first primary extended from noon July 7, 1970, to noon July 21, 1970. On July 20, 1970, appellant Joe L. McClung filed his qualifying papers for said office with the Clerk of the Circuit Court of Broward County, Florida. On July 21, 1970, shortly before the noon deadline, appellee James A. McCauley filed his qualifying papers for the same judicial position with said clerk. Three days thereafter appellant filed this suit in the Circuit Court of Broward County seeking a declaration that appellee McCauley was ineligible to qualify as a candidate for such judicial position by virtue of the provisions of Chapter 70-80, Laws of Florida, 1970, now commonly known as the “Resign to Run” law. The complaint alleged that appellee McCauley held the office of Judge of the Industrial Claims Court of Broward County from February 18, 1969, for a term which did not expire until February 17, 1973, and from which public office appellee McCauley had not resigned until on or about July 21, 1970. The complaint also named as defendants the Clerk of the Broward County Board of County Commissioners, the Broward County Board of County Commissioners, and the Supervisor of Elections of Broward County, seeking injunctive relief to have the name of James A. McCauley stricken from the ballot which was to be submitted in the Republican primary election on September 8, 1970.
The evidence established that appellee McCauley had, indeed, held the office of Judge of the Industrial Claims Court of Broward County as alleged in the complaint, a position from which he did not resign until the morning of July 21, 1970. His “qualifying” papers as a candidate for Judge of the Court of Record of Broward County, including the oath, were completed on July 20, 1970, and left with the Clerk of the Circuit Court (appellee Wheeler), to be held by the latter with instructions that such papers were to be formally filed the following day upon receiving authorization from appellee McCauley. On the morning of July 21, 1970, appellee Mc-Cauley flew to Tallahassee, and at approximately 9:00 a. m. that morning he submitted his resignation as Judge of the Industrial Claims Court and received a commission from the Governor as Judge of the Court of Record of Broward County from July 21, 1970, until January 5, 1971. Mc-Cauley immediately filed the commission with the Secretary of State as required by law, and thereupon telephoned appellee Wheeler with instructions that the qualifying papers theretofore left in the latter’s possession should be formally filed so as to make appellee McCauley a candidate for Judge of the Court of Record of Broward County for the term beginning January 5, 1971. The trial court, after a full hearing, held that at the time appellee James A. McCauley filed his qualifying papers as a candidate for such judicial position he was not subject to the provisions of F.S. Section 99.012, F.S.A., and denied the injunctive relief sought by appellant.
We are of the opinion that McCauley’s resignation as an officer of the Florida Industrial Commission and his appointment to the office of Judge of the Court of Record were accomplished in accordance with the essential requirements of law. Thus, his instant qualification was not barred by the provisions of Chapter 70-80, Laws of Florida, 1970, the “Resign to Run” law, because he was an incumbent seeking to succeed himself.
We are further satisfied that Chapter 70-80, supra, was not applicable in the instant circumstance. The newly created judicial position of Judge of the Court of Record of Broward County became effective July 1, 1970. The literal application of Chapter 70-80, supra, requires the holder of public office with an overlapping term to submit his resignation in accordance with the provisions of said law not later than June 27, 1970, to be eligible as a candidate in the 1970 primary election. Holley v. Adams, Supreme Court of Florida, 238 So.2d 401 (opinion filed June 26, 1970). We therefore conclude that the “Resign to Run” law cannot apply to offices which by statute have been created to become effective after *670 June 27, 1970, but which nonetheless are subject to the 1970 primary election. Otherwise, persons holding public office with overlapping terms would automatically be ineligible to qualify for the newly created office, not by choice as was the case in Holley v. Adams, supra, but because of the fortuitous circumstance of being an office holder after June 27,1970.
Further, we interpret Chapter 70-80, supra, as not being the exclusive route that a qualifier must tread. Of course, a non-office holder may qualify up to the qualification deadline without regard to the “Resign to Run” law. An incumbent of another public office, remembering the purposes sought to be accomplished by the enactment of Chapter 70-80, can resign 10 days prior to the qualification date under Chapter 70-80, supra, and continue to hold his present office until, roughly, the end of his concurrent term. We believe that an incumbent of another public office, from our reading of Chapter 70-80, supra, and the other election laws, has an alternative. He can resign instanter and totally and thus become a non-incumbent — a regular citizen. Thus, he may qualify as any other, up to the qualification deadline. We believe this interpretation to be in accord with the spirit and intention of the law. Why?. When the incumbent resigns instanter he no longer has the prestige and power of his office which he could employ in seeking higher office.
While we are satisfied that our decision is correct, we would note that even if the circumstances and issues were balanced, the policy of our state would be best served by affirming the trial court and allowing Mc-Cauley’s name to remain on the ballot. Such action would favor and recognize the right of the State’s Chief Executive to appoint, in the first instance, to fill vacancies in office created by the Legislature. Further, it would afford the electorate the largest opportunity to select, at election, the candidate of their choice.
Finally, while we discharge our responsibilities and mandate in full measure and without abdication, we are mindful that in our emergency consideration of this appeal we may have inadvertently overlooked and become in conflict with some other court opinion. In such event, we are more comfortable in knowing that our decision, if wrong, will operate to permit the ultimate correction of the situation by the simple disqualification and removal of Judge Mc-Cauley. The contrary decision at this stage and the removal of his name from the election ballot would be irremediable.
Because of the urgency, we hereby limit the time in which to file a petition for rehearing until 3 :00 p. m., Wednesday, September 2, 1970.
The judgment of the trial court here appealed is
AFFIRMED.
WALDEN and OWEN, JJ., concur.
REED, J., concurs specially, with opinion.