266 So.2d 345 (1972)
STATE of Florida ex rel. Arden M. SIEGENDORF, Relator,
v.
Honorable Richard B. STONE, As Secretary of State of the State of Florida, and Murray Z. Klein, Respondents.
No. 42636.
Supreme Court of Florida.
August 9, 1972.
Alan R. Schwartz, of Horton, Schwartz & Perse and Edward A. Stern, of Pallot, Stern, Proby & Adkins, Miami, for relator.
Clinton H. Coulter, Jr., Tallahassee, for respondent Secretary of State.
James F. Dougherty, II, Miami, for respondent Murray Klein.
DEKLE, Justice.
We have for immediate review a petition for mandamus wherein relator as a duly qualified candidate seeks an order requiring Respondent Secretary of State to omit the name of Murray Z. Klein, the other respondent, from the certification of candidates duly qualified for the office of Judge, County Court, Group 3, Dade County, Florida. Jurisdiction arises under Art. V, § 4(2), F.S.A.
Nonpartisan election for this county judgeship is scheduled for September 12, 1972. Due to the shortness of time and to accommodate the election machinery and pressed election personnel involved, we have in the exercise of our discretion dispensed with oral argument pursuant to F.A.R. 3.10(e), 32 F.S.A., and have considered the matter on the petition, response, reply and briefs.
The material facts are as follows: A prospective candidate, Murray Z. Klein, a resident of Miami, Dade County, Florida, through his representative who delivered his qualifying papers to the Secretary of *346 State in Tallahassee sought to qualify for a judicial office two minutes before the qualifying period closed on July 25, 1972. (The papers bear the clock stamp of "11:58.") At that time, the potential candidate's representative submitted Mr. Klein's oath of candidacy and a check for $1,400.00 as qualifying fee. The Respondent Secretary of State, by his Elections Division Supervisor, Mrs. Dorothy W. Glisson, accepted these instruments. The Secretary subsequently made an administrative determination under the election laws that Mr. Klein was eligible to seek the office of County Judge, Group 3, Dade County, and thereafter duly certified him for such office, together with relator, Arden M. Siegendorf, as the only candidates for this judicial office.
On July 31, 1972, six days following the qualifying period, relator (the other candidate) filed the present mandamus petition contending that Mr. Klein had not legally qualified and that his name should not be included on the ballot and that relator should be declared and certified by Respondent Secretary of State as unopposed for election to said office.
At the outset, this Court issued the alternative writ and Respondent Secretary of State filed a return now saying that Mr. Klein failed to meet requirements and agreeing to the issuance of the peremptory writ. Our own careful review of the applicable statutes and case law leads us to the opposite conclusion.
Respondent Secretary of State is the administrator "in the field" so to speak, charged with administering his office and the myriad duties assigned to that important cabinet post.[1] Such administrators, and their duly assigned deputies and employees who are trained and skilled in their respective duties, are the ones charged with the responsibility of carrying out the functions of their offices. In the present case, the Elections Supervisor, Mrs. Dorothy W. "Dot" Glisson has 27 years experience in this office, is recognized as the expert in the State of Florida on elections and qualifying for public office, and is preeminent in this field.
The duties of such administrators involve the making of decisions based upon situations presented to them. This is how government operates. The decisions of public administrators made within the ambit of their responsibilities, and with due regard to law and due process, are presumptively correct and will be upheld, if factually accurate and absent some compelling circumstances, clear error or overriding legal basis which would indicate overruling the administrator's decision.[2]
The single point raised here is the assertion that Mr. Klein's oath of candidacy is fatally defective in that the oath states "[t]hat he is a candidate for the office of Judge (group) 3;". This underlined information appearing in the oath is typewritten except for the arabic numeral 3. The number 3 is handwritten.
Relator takes the position that "anything less than total compliance with the absolute statutory language of Fla. Stat. § 105.031(4) (b) [F.S.A.] renders Candidate Klein's oath of office legally defective as a matter of law so as to preclude his proper qualification and the respondent's subsequent certification of his candidacy." We cannot agree.
Literal and "total compliance" with statutory language which reaches hypersensitive levels and which strains the quality of justice is not required to fairly and substantially meet the statutory requirements to qualify as a candidate for public office. The principal area of alleged deficiency in the oath filed here is its failure to *347 state the full "title of the office" as stated in (b) of said statute. Of course, it would be preferable to write out the full title and thus eliminate any doubt in the matter, instead of simply "Judge (group) 3" but the particular judgeship sought was determined by the administrator to be "county judge" and the qualifying oath (on forms provided by the Secretary) was accepted by him as sufficient. Perhaps it was clarified orally for the official when presented; the check for the fee may have recited "county judge"; in any event, the Secretary of State could and did readily ascertain which judgeship in Dade County was involved by a simple process of elimination in the acceptance of the qualifying fee of $1,400.00. This amount could only apply to a county judgeship (with which respondent agrees). It only fits that office. Such amount was not enough for the circuit, district or supreme court judgeships which were open.
So long as basic requirements have been met, the time for other changes or corrections such as in the handwritten group "3", or an insertion (if the administrator thought necessary) of "county" in front of "judge" was at the qualification desk in these circumstances, in order that the changes could very simply have been added.[3] To reject or challenge the candidacy on these grounds now (when the period for qualifying has closed) comes too late. It would be a denial of due process and unfair treatment of the candidate who has justifiably acted upon the Respondent Secretary of State's acceptance and certification, to remove him from the ballot. It is better in such factual situations to let the people decide the ultimate qualifications of candidates unless they appear clearly contrary to law.
The basic principle of our constitutional and democratic system is set forth as the very first words of our Florida Constitution:
"Declaration of Rights
"Section 1. Political power.  All political power is inherent in the people."
After reciting these words in State ex rel. Ayres v. Gray et al., 69 So.2d 187, at page 193, (Fla. 1953) we stated:
"The tendency has been, and still is, to extend further the privilege of the people to participate in their government and to elect officers originally appointed, rather than to curtail such participation by the people."
Summarily to remove Mr. Klein from the people's consideration, and his name from the election ballot, would be irremediable.
Our Fourth District in McClung v. McCauley, 238 So.2d 667, 670 (Fla.App. 4th 1970) concluded its opinion in such a matter by commenting in like manner:
"It would afford the electorate the largest opportunity to select, at election, the candidate of their choice."
In his brief, Mr. Klein challenges the constitutionality of the loyalty oath as required by Fla. Stat. §§ 876.05-876.10, F.S.A. Since our ruling rests on other grounds, we find it unnecessary to decide this issue.
In view of the necessity for expediency in this matter, privilege of filing rehearing is dispensed with and this opinion shall be effective immediately.
Accordingly, the peremptory writ of mandamus should not issue and the alternative writ is hereby discharged.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.
McCAIN, J., not participating.
NOTES
[1] Fla. Stat. § 15.13, F.S.A., expressly vests in the Secretary of State "supervision and administration of the election laws."
[2] Sullivan v. Orange County Com'rs., 59 Fla. 630, 52 So. 517 (1910); State ex rel. W.R. Clark Printing and Binding Co. v. Lee, 121 Fla. 320, 163 So. 702 (1935); and Florida Nat. Bank of Jacksonville v. Simpson, 59 So.2d 751 (Fla. 1952).
[3] Prior decisions of this Court in State ex rel. Taylor v. Gray, 157 Fla. 229, 25 So.2d 492 (1946); State ex rel. Vining v. Gray, 154 Fla. 255, 17 So.2d 228 (1941); and State ex rel. Brobston v. Culbreath, 124 Fla. 268, 168 So. 244 (1936) are inapplicable. Each of these cases dealt with a lack of a basic qualifying requirement, i.e., paying a proper fee, the filing of necessary qualifying papers and registering to vote, respectively.