QUESTIONS: 1. Is the Pasco County Expressway Authority a separate entity from the Pasco County Commission, under Part V, Ch. 348, F. S., the "Pasco County Expressway Authority Law"? 2. Is the responsibility for financial management and reporting under this law the responsibility of the Pasco County Circuit Court Clerk, or is it the responsibility of the expressway authority to manage and report its finances independently of the clerk?
SUMMARY: Chapter 348, Part V, F.S., creates the Pasco County Expressway Authority as an entity separate from the Pasco County Board of County Commissioners, although composed of the same persons. The authority has the responsibility of managing and reporting its finances independently of the Pasco County Circuit Court Clerk, although as a "dependent special district" under s. 218.34(2), F.S., as interpreted by the Department of Banking and Finance, its financial report to the Department of Banking and Finance must be "contained within" that of the county. The Pasco County Expressway Authority is created by s. 348.82, F.S., which provides: There is created and established a body politic and corporate, an agency of the state, to be known as the Pasco County Expressway Authority, hereinafter referred to as "authority." All the authority, powers, duties, responsibilities, personnel, properties, and appropriations or other funds of the Pasco County Expressway System are hereby transferred to, and vested in, the board of county commissioners of Pasco County as the authority. (Emphasis supplied.) While s. 348.81(1), id., defines "Authority" to mean "the board of county commissioners of Pasco County," there is ample evidence that the legislature intended the authority and the board to be separate entities. The powers granted by the Expressway Authority Law which are exercised by the county commissioners are exercised by them as the authority and not as the board of county commissioners. Section 348.82, F.S. That the authority exercises these powers separately from the board is also indicated by the broad power granted to the authority. The authority has power to sue and be sued, acquire property, use a corporate seal, make contracts, and do all other acts necessary for the conduct of its business. Section 348.83, id. It is required to reimburse Pasco County for specified gasoline tax funds. Section 348.83(2)(g). It is expressly prohibited from pledging the credit or taxing power of the state or any agency thereof, or of the county. Section 348.83(3). All of these factors
indicate a legislative intent to create the expressway authority as an entity separate from the Pasco County Commission. Your first question is, therefore, answered in the affirmative. AS TO QUESTION 2: As to the financial management and reporting of the authority, it is relevant to consider the question of whether the authority is governed by the Uniform Local Government Financial Management and Reporting Act, Ch. 218, Pt. III, F.S. Definitional s. 218.31 provides in relevant part: (1) "Unit of local government" means a county, municipality or special district. * * * * * (5) "Special district" means a local unit of special government, except county school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions including urban service functions within limited boundaries. (6) "Dependent special district" means a special district whose governing head is the local governing authority, ex officio or otherwise, or whose budget is established by the local governing authority. The expressway authority is unquestionably a "state agency" for certain purposes. It is so designated by the statute by which it was created, s. 348.82, supra; the expressway which it is authorized to construct in Pasco County becomes a part of the state road system, s. 348.86(6), supra; and the state Department of Transportation is authorized to expend its funds and use its personnel "for the operation of the authority," id. However, a state agency may serve a local as well as a state purpose. Florida Power Corp. v. Pinellas Utility Board, 40 So.2d 350, 355 (Fla. 1949). And several aspects of the authority's powers and functions indicate that it serves a local purpose sufficient to constitute it a "dependent special district" within the purview of the Uniform Local Government Financial Management and Reporting Act, supra (the "Uniform Reporting Act" hereafter). Thus, as a special entity created to construct the Pasco County Expressway System, it is a governmental entity created to perform "prescribed specialized functions . . . within limited boundaries" within the definition of a special district made by the Uniform Reporting Act. While its activities will serve a state purpose, they are locally oriented and initiated. See s. 348.86(5), F.S., authorizing the use of Pasco County's gasoline tax funds under a lease-purchase agreement with the Department of Transportation for a particular project in the county but providing that these funds may be used only with the consent of the county. Any excess of such funds over debt service requirements must be returned annually to the department for distribution to Pasco County as provided by law. Id. Projects already planned as of July 1, 1969, must be reevaluated by the authority "so as to best serve the needs of the county and to protect the rights of persons affected by the project" and may not be constructed without referendum election approval by the freeholders of the county. Section348.83(5)(a) and (b), id. And, significantly, the Board of County Commissioners of Pasco County serves as the governing body of the authority. Most important, however, is the fact that the Department of Banking and Finance has construed the applicable provisions of the Uniform Reporting Act as applying to the Pasco County Expressway Authority. As the state agency responsible for the administration of this act, its interpretation is entitled to great weight. Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla. 1952). Accord: State ex rel Siegendorf v. Stone, 266 So.2d 345,346, in which the court said that The decisions of public administrators made within the ambit of their responsibilities, and with due regard to law and due process, are presumptively correct and will be upheld, if factually accurate and absent some compelling circumstances, clear error or overriding legal basis which would indicate overruling the administrator's decision. Accordingly, pending legislative or judicial clarification, the authority should comply with the provisions of the Uniform Reporting Act as to those moneys which come into its possession and are disbursed by it. (Such funds must be distinguished from those managed and spent by the Department of Transportation in connection with an expressway project in Pasco County under a lease-purchase agreement with the authority, see s. 348.86, id., which would, of course, be only incidentally related to and would exist outside of the authority's budget and the requirements of the Uniform Reporting Act.) As a dependent special district, the authority's proposed budget . . . shall be contained within the general budget of the local governing authority and be clearly stated as the budget of the dependent special district. Financial reporting shall be made in the same fashion as provided by rules of the department. Section 218.34(2), id. The last sentence above quoted apparently means that a dependent special district's financial report, like its proposed budget, must be "contained within" the general financial report of the local governing authority. It has been so interpreted by the Department of Banking and Finance. Thus, the expressway authority has the responsibility to provide the information necessary to enable its proposed budget and financial report of its activities to be included in the proposed budget and financial report of Pasco County. However, as noted above, the expressway authority is a special entity created by law to perform a particular function, independent of the county, even though its governing body is the same as that of the county. It exercises its powers under ss. 348.82-348.83, F.S., as the authority and not as the county; its funds are disbursed to carry out its functions as the authority and are not county funds but authority funds. The clerk of the circuit court is "clerk and accountant of the board of county commissioners," s. 28.12, F.S., and "auditor, recorder and custodian of all county funds," Article VIII, s. 1(d), State Const. But I find no statute which, either expressly or by necessary implication, vests in the clerk any responsibility for or control over the management of the finances of the expressway authority. The authority has the responsibility to manage its own finances independently of the clerk — subject, of course, to any limitations upon its powers contained in the expressway, or other applicable, law.