DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUIS PEDRAZA,**
Appellant,

v.

**THE CITY OF MIRAMAR, FLORIDA, DENISE A. GIBBS,**
in her official capacity as **CITY OF MIRAMAR CLERK,** and
**JOE SCOTT,** in his official capacity as
**BROWARD COUNTY SUPERVISOR OF ELECTIONS,**

Appellees.

No. 4D2025-0219

[February 11, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Jr., Judge; L.T. Case No. CACE25-000675(14).

Juan-Carlos Planas of the Law Firm of Juan-Carlos Planas, P.A., Miami, for appellant.

Burnadette Norris-Weeks of Austin Pamies Norris Weeks Powell, PLLC, Fort Lauderdale, for appellee The City of Miramar, Florida.

Joseph K. Jarone, Andrew J. Meyers, Adam M. Katzman, and Devona A. Reynolds Perez, Fort Lauderdale, for appellee Joe Scott, in his official capacity as Broward County Supervisor of Elections.

CONNER, J.

Luis Pedraza ("Pedraza") appeals an order denying his emergency motion for injunctive relief.[1] The motion sought to compel the City of Miramar Clerk (the "City Clerk") and the Broward County Supervisor of Elections (collectively, the "Election Officials") to include his name as a City Commissioner candidate in the upcoming City of Miramar election. Because the City of Miramar election will be in a few weeks, we have

---

[1] To the extent that Pedraza seeks review of the denial of declaratory relief, we do not have jurisdiction.

granted review of this case on an expedited basis. Having determined Pedraza has not demonstrated reversible error, we affirm the trial court's decision denying injunctive relief.

*Background*

Pedraza is seeking to be elected to the City of Miramar Commission. It is his first time running for an elected office.

Pedraza made the decision to run for office a few days before the end of the qualifying period. He filed his qualifying papers approximately three hours before the end of the qualifying period. Pedraza contends that in filling out the qualifying papers to run for the office, he mistakenly checked boxes on two different forms stating he was seeking to run as a write-in candidate. Shortly after the qualifying period ended, the City Clerk notified Pedraza that his name would not be on the ballot because he had indicated on two forms he was running as a write-in candidate. Pedraza explained that he was a first-time candidate and mistakenly checked the boxes on the forms. He further contended that he was entitled to have his name on the ballot because he filed the necessary qualifying papers and paid the qualifying fee. The City Clerk disagreed and maintained that his name would not appear on the ballot.

Pedraza filed the underlying suit seeking injunctive and declaratory relief to make the Election Officials list him as a named candidate on the ballots. He then filed an emergency motion seeking a temporary injunction, maintaining he had checked the boxes indicating he was a write-in candidate on the forms by mistake, did not intend to run as a write-in candidate, had filled out the necessary papers, and had paid the qualifying fee.

The trial court conducted an evidentiary hearing at which Pedraza and the City Clerk testified and documents were introduced into evidence. The trial court entered a five-page order making findings of facts and conclusions of law denying injunctive relief. We summarize the trial court's most pertinent findings of fact and conclusions of law as follows:

- City of Miramar Code of Ordinances section 8-1 provides: "All general laws of the state relating to elections are hereby adopted as parts of this chapter."

- Florida election laws fully recognize write-in candidates in municipal elections, citing Section 99.061, Florida Statutes (2024).

2

- The City Clerk's office is required by law to use the state-approved election forms. The forms are clear and unambiguous. The forms include a write-in candidate option.

- Pedraza's qualifying papers were filed approximately thirty-three minutes prior to the noon deadline. Pedraza could have avoided this situation if he had filed his paperwork earlier. Pedraza caused the problem at issue.

- The City Clerk complied with section 99.061(7)(c) which states the filing officer performs a ministerial function in processing qualifying papers and may not determine whether the contents of qualifying papers are accurate.

- Pedraza's qualifying papers showed an intent to qualify as a write-in candidate. Pedraza indicated this intent twice, on two separate forms. The City Clerk took reasonable actions to accept the clear intent of the filer. By doing so, the City Clerk properly performed her ministerial duties and qualified Pedraza as a write-in candidate.

- Even though both sides had agreed that a "qualifying fee" check is not required for write-in candidates, the City Clerk's standard policy is to accept all payments made during the qualifying period.

- Contrary to Pedraza's argument, he was not disqualified as a candidate. Rather, the City Clerk qualified him as a write-in candidate.

- Providing post-qualifying relief to correct so-called scrivener's errors could turn election law on its head.

- Because Pedraza failed to show a substantial likelihood he could prevail on the merits of his claim, injunctive relief should be denied.

Pedraza gave notice of appeal after the denial of injunctive relief.

*Appellate Analysis*

We have jurisdiction over Pedraza's nonfinal appeal of the trial court's denial of temporary injunctive relief. Fla. R. App. P. 9.130(a)(3)(B). To the extent we address the interpretation of Florida Statutes and municipal ordinances and codes, our review is de novo. *See Lacayo v. Versailles Gardens I Condo. Ass'n, Inc.,* 325 So. 3d 295, 297 (Fla. 3d DCA 2021)

3

("[T]he standard of appellate review with respect to the interpretation of a charter or ordinance is de novo.") (citation omitted); *see also Hollywood Park Apartments S., LLC v. City of Hollywood*, 361 So. 3d 356, 361 (Fla. 4th DCA 2023) (applying a de novo standard of review). Moreover,

> [a] temporary injunction is extraordinary relief that should be granted only when the party seeking the injunction has established four elements: (1) a substantial likelihood of success on the merits, (2) the unavailability of an adequate remedy at law, (3) irreparable harm absent entry of an injunction, and (4) that the injunction would serve the public interest.

*Florida Dep't of Health v. Florigrown, LLC*, 317 So. 3d 1101, 1110 (Fla. 2021). A trial court's factual findings on the elements for a temporary injunction is reviewed for competent, substantial evidence. *Id.* The review of the trial court's legal conclusions is de novo. *Id.* "To the extent the decision to enter a temporary injunction involves an exercise of discretion, we defer to the trial court unless it has abused its discretion." *Id.* The only elements for a temporary injunction which the parties discuss in the briefs is the first element, "a substantial likelihood of success on the merits."

The facts of this case are essentially undisputed. We further determine competent, substantial evidence supported the trial court's findings of fact.

Pedraza relies on section 5.02 of the City Charter, which states:

> [T]he name of any elector of the City shall be printed upon the ballot after he/she has paid to the City Clerk a qualifying fee of twenty-five dollars ($25.00) and has filed with the City Clerk a written notice of candidacy, which notice shall designate which seat of the City Commission he/she desires to fill[.]

*Id.* He argues that the City Charter does not allow write-in candidates and expressly requires that his name be printed on the ballot because he gave written notice of his candidacy and paid the qualifying fee. Pedraza also argues that the City Charter does not specifically authorize write-in candidates and that section 99.061, Florida Statutes (2024), does not apply to the facts of his case.[2]

---

[2] Pedraza makes the one-sentence conclusory argument that section 99.061 does not apply to City of Miramar elections because the title of statutory section,

4

Pedraza's reliance on City Charter section 5.02 ignores the application of City Charter section 5.01, which provides: "All elections shall be held in accordance with the provisions of the general election laws of the State of Florida, except as is otherwise provided by this Charter or by Ordinance." Additionally, Pedraza's briefs completely ignore the application of City of Miramar Code of Ordinances section 8-1 relied upon by the trial court. In our view, based on City Charter section 5.01 and Code of Ordinances section 8-1, we agree with the City Clerk that section 99.061 is applicable and controls this case.

Section 99.061(4)(b) specifically states: "A write-in candidate is not entitled to have his or her name printed on any ballot; however, space for the write-in candidate's name to be written in must be provided on the general election ballot."

Pedraza also argues that City of Miramar elections do not allow write-in candidates based on section 99.093, Florida Statutes (2024), because that section specifically addresses municipal candidates and makes no reference to write-in candidates. Pedraza's argument is meritless because both sections of that statute address the requirement of paying an election assessment (fee) and an exemption from the assessment. The statute has nothing to do with the qualifying papers for a municipal write-in candidate.

Essentially, Pedraza argues that the Election Officials and the trial court should have excused the "scrivener's error" in his qualifying paperwork. He points to *Browning v. Young*, 993 So. 2d 64 (Fla. 1st DCA, 2008). In *Browning*, the First District granted mandamus to a candidate that the Secretary of State had refused to deem qualified because of an error in the name of the county on the notary block of a financial disclosure form. He argues that the requirements for qualifying as a candidate should not be interpreted hyper-technically and that "substantial compliance" is all that is required. He cites several cases in support of his argument that "literal" and "total compliance" with statutory language

"Method of qualifying for nomination or election to federal, state, county, or district office," obviously does not include any reference to municipal elections. We reject that argument in this case as we did in *Spiritis v. Botel*, 384 So. 3d 260, 262063 (Fla. 4th DCA 2024). As we said in *Spiritis*, certain subsections of section 99.061 are applicable to certain location-boundary elections, but other subsections are not so limited. Additionally, like the situation in *Spritis*, the City of Miramar ordinances and codes specifically incorporate all the general laws of the state relating to elections.

"which reaches hypersensitive levels" is inappropriate in applying statutory requirements for qualifying as a candidate for public office."

In asserting that "hypersensitivity" and "literal" and "total compliance" with statutory language is not required for qualifying papers and "substantial compliance" is permissible, the First District in *Browning* cited *State ex rel. Siegendorf v. Stone*, 266 So. 2d 345 (Fla. 1972). However, in *Boatman v Hardee*, 254 So. 3d 604 (Fla. 1st DCA 2018), the First District further discussed *Siegendorf* and pointed out that "[i]n a footnote. . . the *Siegendorf* [supreme] court distinguished that it reached a different result in cases that 'dealt with a *lack of a basic qualifying requirement, i.e., paying a proper fee*, the filing of necessary qualifying papers and registering to vote.'" *Id.* at 609 (underline emphasis added) (citing *Siegendorf*, 266 So. 2d at 347 n. 3). In *Boatman*, the First District rejected Boatman's argument that substantial compliance applies to basic election qualifying requirements, such a paying a proper qualifying fee. *Id.* at 609-10. We agree with the First District and apply the same legal principle to substantive statements in election qualifying papers.

As the trial court observed, courts in some cases have granted relief where an error outside the person's control interfered with the ability to qualify. However, the caselaw upon which Pedraza relies is inapplicable to this case for two reasons: (1) he has not been disqualified for election; and (2) Pedraza's predicament was caused by his mistakes.

No authority says that an election clerk can ignore the substantive information which a candidate puts on qualifying forms. Nor does any authority allow a trial court to re-write a candidate's substantive statements and selections on the qualifying forms. As the trial court noted, the City Clerk was required to use state-approved forms, which allow the candidate to indicate he or she is running as a write-in candidate.

We also determine the trial court properly applied the law and concluded that the City Clerk was to perform her function ministerially. Section 99.061(7)(c), Florida Statutes (2024), unambiguously states:

> The filing officer performs a ministerial function in reviewing qualifying papers. In determining whether a candidate is qualified, the filing officer shall review the qualifying papers to determine whether all items required by paragraph (a) have been properly filed and whether each item is complete on its face, including whether items that must be verified have been properly verified pursuant to s. 92.525(1)(a). **The filing**

6

**officer may not determine whether the contents of the qualifying papers are accurate**.

(Underline and bold emphasis added). We hold the trial court properly determined that "[u]nder the facts of this case, [Pedraza] showed his intent to qualify as a write-in candidate, the City took all reasonable action to accept the clear intent of the filer and, by doing so the City Clerk properly performed her ministerial duties and qualified Mr. Pedraza as a 'write-in' candidate." We further hold that no error or abuse of discretion is shown in the trial court declining to grant Pedraza relief from his own mistake.

*Conclusion*

Having determined that competent, substantial evidence supported the trial court's findings, and the trial court properly applied the law to the facts, we affirm the trial court's denial of injunctive relief.

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.**

7