PER CURIAM.
Appellee, Edward Gluckler, a candidate for county commissioner in Martin County, filed a complaint for an injunction against the Board of County Commissioners of Martin County and Clay T. Lambeth, Jr., who also qualified as a candidate for the same office. Appellee’s complaint sought to prevent the printing of appellant Lam-beth’s name on the ballot for the general election to be held November 5, 1974, be *430 cause said appellant had not complied with § 99.012, F.S.1973.[1]
Appellant Lambeth, a city commissioner and also mayor of the Town of Sewell’s Point, filed his qualification papers for county commissioner on the final day of the qualifying period, July 23, 1974. On July 22, 1974, he addressed a letter to the town clerk tendering his resignation as a member of the town commission and may- or “effective at a time and date to be set by Town Commission, but in no event later than November 6, 1974.” A copy of said letter was mailed to the Governor of Florida on July 22nd. On July 23rd the letter and copies thereof were delivered to the town clerk and town commissioners. On July 27, 1974, four days after the period for qualifying had expired, the town commission accepted appellant’s resignation effective that date.
The trial court found that appellant Lambeth was subject to the provisions of § 99.012, F.S.1973, and that he had failed to comply with the statute; that the letter tendering his resignation was not effective as a resignation by its express term until the date it was acted upon by the town commission, by which time the qualifying period had expired.
This case is distinguishable from McClung v. McCauley, Fla.App.1970, 238 So.2d 667, in that McCauley resigned instanter from his office as Judge of the Industrial Claims Court prior to the time he qualified as a candidate for the office of Judge of the Court of Record. Nor do we feel that appellant can gain any comfort from State ex rel. Shevin v. Stone, Fla. 1972, 279 So.2d 17. The “unusual circumstances” pertaining to some of the candidates in that case and the clear resignation of the others distinguish it from this case.
It is our view that on this record the trial court’s conclusion was correct and the judgment enjoining the board of county commissioners from printing the name of appellant, Clay T. Lambeth, Jr., on the ballot for the general election in November 1974 should be affirmed.
Because of the exigency of this matter and the time factor involved, the privilege of filing a petition for rehearing is dispensed with and this decision shall become immediately effective.
Affirmed.
WALDEN, CROSS and DOWNEY, JJ., concur.

. Section 99.012(2) provides:
“No individual may qualify as a candidate for public office who holds another elective or appointive office, whether state, county or municipal, the term of which or any part thereof runs concurrent with the term of office for which he seeks to qualify without resigning from such office not less than ten (10) days prior to the first day of qualifying for the office he intends to seek.