567 So.2d 501 (1990)
Thomas D. McKANE, III, Appellant,
v.
Oliver Addison PARKER, the Town of Lauderdale-by-the-Sea, Florida; George E. Vogeney, Sr., Juanita Pendlebury, Town Clerk of Lauderdale-by-the-Sea; and the Honorable Jane Carroll, Supervisor of Elections for Broward County, Appellees.
No. 90-0825.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Certification Denied October 12, 1990.
Arthur M. Wolff of Law Office of Arthur M. Wolff, Fort Lauderdale, for appellant.
Oliver Addison Parker, Lauderdale-By-The-Sea, pro se appellee.
Samuel S. Goren and Kristine A. Magnuson of Josias & Goren, P.A., Fort Lauderdale, for appellee-Jane Carroll.
Ronald J. Cohen of Atkinson, Jenne, Diner, Stone, Cohen & Klausner, P.A., Hollywood, *502 for amicus curiae-Fraternal Order of Police Dist. 5.
DOWNEY, Judge.
Appellant, Thomas D. McKane, III, seeks review of a final order of the Circuit Court for Broward County, holding that he was unqualified to be elected to the office of Town Commissioner of the Town of Lauderdale-By-The-Sea, Florida, in a municipal election held March 13, 1990.
It appears that McKane was, and has been, a police officer employed by the City of Sunrise, Florida, for some sixteen years. In addition, he has also held the office of Town Commissioner in the Town of Lauderdale-By-The-Sea for eight years prior to seeking re-election to that office in the March 1990 election.
Prior to the election, appellee, Oliver Addison Parker, a duly qualified elector of the city and a duly qualified candidate for the office of Town Commissioner, filed this suit for declaratory relief and injunction against McKane, the town clerk of Lauderdale-By-The-Sea, and the county supervisor of elections, among others. The thrust of Parker's complaint was that McKane was not qualified to run for or hold the office of Town Commissioner of Lauderdale-By-The-Sea because, as a police officer of the City of Sunrise, he was barred by section 99.012(7), Florida Statutes (1989), from running for another municipal office without taking a leave of absence without pay from the Sunrise Police Department pending the election. Furthermore, Parker alleged that McKane was also disqualified by Article II, Section 5, of the Florida Constitution, which prohibits any person from holding at the same time more than one office under the government of the state, county, or municipalities therein. The case was tried and resulted in the entry of final judgment eight days after the election, holding in favor of Parker. The trial court reviewed, at some length, the legislative history of section 99.012, Florida Statutes, and concluded that McKane was unqualified to run for town commissioner under both Article II, Section 5, of the Florida Constitution, and section 99.012(7). Furthermore, the court directed the Supervisor of Elections to deliver the vote tabulation for the office in question to the Broward County Canvassing Board for certification of the results as required by the Florida Election Code. In doing so, the judge directed the supervisor not to transmit the votes cast for McKane, but instead should certify that votes for McKane were not counted pursuant to the judgment of the trial court.
The issues for our resolution presented by the appellate points in McKane's brief are: 1) Whether Article II, Section 5(a), of the Florida Constitution prohibits a municipal police officer employed by and receiving a salary from one municipality from holding office and receiving a salary as a town commissioner in another, different municipality; and 2) whether section 99.012(7), Florida Statutes (1989), requires a person employed as a police officer in one municipality to take an unpaid leave of absence therefrom while running for election to the office of town commissioner in a different municipality? The narrowness of the appellate questions is confirmed by the statement in McKane's initial brief to the effect that the only issues presented involve the above-mentioned constitutional article and statutory section, and that McKane did not take a leave of absence, during the period of the election campaign, from his office in Sunrise, and it was not his intention to resign his employment as a police officer in Sunrise if he was elected Town Commissioner in Lauderdale-By-The-Sea.
Article II, Section 5, of the Florida Constitution states:
(a) No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a *503 member of a constitution revision commission, taxation and budget reform commission, constitutional convention or statutory body having only advisory powers.
Section 99.012(7), Florida Statutes (1989), states:
For the purposes of this section, no individual who is a subordinate personnel, deputy sheriff, or police officer need resign pursuant to subsection (2) or subsection (3) unless such individual is seeking to qualify for a public office which is currently held by an individual who has the authority to appoint, employ, promote, or otherwise supervise that subordinate personnel, deputy sheriff, or police officer and who has qualified as a candidate for reelection to that public office. However, any such personnel, deputy sheriff, or police officer shall take a leave of absence without pay from his employment during the period in which he is seeking election to public office.
After considering the interesting theories propounded by the parties regarding the proper interpretations of the substantive law applicable herein and the various cases relied upon to support their respective positions, we conclude, as the trial judge did, that both the constitutional provision and statute preclude McKane from successfully achieving his goal in this litigation.
It appears clear that the legislature intended to afford police officers certain liberality in qualifying to run for other public offices when it absolved them from having to resign in order to run (absent an exception not relevant here). However, the statute also could not be clearer that the legislature intended such officer should take a leave of absence from the police department during the period in which he is seeking election to another office. The rationale behind the legislative act contained in section 99.012(7) is that it is unfair to permit an elected official or appointive official holding office to use the prestige and power of that office in seeking election to a higher or different office. Holley v. Adams, 238 So.2d 401 (Fla. 1970).
We, therefore, hold that the trial judge was correct in ruling that McKane was legally unqualified to run for the office of Town Commissioner of the Town of Lauderdale-By-The-Sea because he had not taken a leave of absence as required by statute. We need not address whether the two offices are incompatible, but note that the two cities have a mutual assistance pact which might cause two offices to conflict even on rare occasions, a factor which our sister court in Gryzik v. State, 380 So.2d 1102, 1104 (Fla. 1st DCA 1980), held was sufficient to declare different offices legally incompatible. Therefore, since McKane concedes he did not intend to resign his office in Sunrise if elected Town Commissioner in Lauderdale-By-The-Sea, this position may put him on a collision course with the Constitution, which might jeopardize his law enforcement job in Sunrise were he to persist. Id.
In any event, we affirm the judgment appealed from and remand the cause to the trial court for such further proceedings as were indicated in the final judgment.
GARRETT, J., and McNULTY, JOSEPH P., Associate Judge, concur.