616 So.2d 473 (1993)
Joe M. GONZALEZ, Appellant,
v.
Christine VOGEL and The Honorable Robin Krivanek, Supervisor of Elections for Hillsborough County, Florida, Appellees.
No. 92-04121.
District Court of Appeal of Florida, Second District.
February 12, 1993.
As Corrected on Denial of Rehearing and Rehearing March 31, 1993.
Supplemental Opinion on Rehearing March 31, 1993.
*475 Laura L. Whiteside of Barnett, Bolt, Kirkwood & Long, Vanessa N. Cohn and Ronald B. Cohn of Cohn & Cohn, P.A., Tampa, for appellant.
John M. Fitzgibbons of The Law Offices of John M. Fitzgibbons, Tampa, for appellee Vogel.
As Corrected on Denial of Rehearing and Rehearing En Banc March 31, 1993.
PER CURIAM.
Joe M. Gonzalez appeals the denial of his petition for injunctive and declaratory relief, challenging Christine Vogel's qualification as a candidate for Hillsborough County Judge. The trial court determined that Ms. Vogel, as a subordinate officer in the state attorney's office, was not legally compelled to take a leave of absence to run for the judicial office. It concluded that she had the option of resigning from her office. Following an evidentiary hearing, it found that Ms. Vogel had submitted a legally sufficient letter of resignation. We affirm the circuit court's order in all respects.
In 1992, several candidates sought election to the Group 4 Hillsborough County judgeship. After other candidates were eliminated in an initial election, Gonzalez faced Vogel in a November runoff. Vogel, who was the victor in that election, had been employed as an assistant state attorney. Shortly before the November election, Gonzalez filed an emergency petition directed to both Vogel and the former Hillsborough County Supervisor of Elections, Robin Krivanek. Gonzalez asserted that Vogel had violated the Florida "resign to run" law and demanded that her name be removed from the ballot. After a series of hearings the circuit court found that Gonzalez's complaint was without merit.[1]

I. RESIGNATION IN LIEU OF A LEAVE OF ABSENCE
No "officer" may qualify as a candidate for another public office without first resigning from the office currently held. § 99.012(3)(a), Fla. Stat. (1991). However, a "subordinate officer," as defined in section 99.012(1)(b), need not resign "unless he is seeking to qualify for a public office which is currently held by an officer who has authority to appoint, employ, promote, or otherwise supervise that person and who has qualified as a candidate for reelection to that office." § 99.012(5), Fla. Stat. (1991). As an assistant state attorney, Vogel was a "subordinate officer." Thus, it is undisputed that she had no legal obligation to resign in order to run for this position.
Section 99.012(5) states: "However, upon qualifying, the subordinate officer ... must take a leave of absence without pay during the period in which he is a candidate for office." Vogel did not take a leave of absence. Relying on an advisory opinion from the Division of Elections,[2] issued in 1990 to two colleagues who also were judicial candidates, Vogel resigned, considering resignation an acceptable substitute for leave of absence. Gonzalez argues that the advisory opinion is incorrect, and that Vogel's reliance on that letter must result in her disqualification in this race.[3]
While not binding precedent, the construction of a statute by an agency charged with its administration is entitled to great weight and should not be overturned unless clearly erroneous. State ex rel. Biscayne Kennel Club v. Board of *476 Business Regulation, 276 So.2d 823 (Fla. 1973). The circuit court found this advisory opinion to be "well-reasoned." We agree.[4] If an officer can receive state pay while running for office by submitting a resignation that is effective on a future date, there is nothing to suggest that the legislature intended to remove this option from subordinate officers. Thus, the dispositive question is whether Vogel satisfied the requirements applicable to a resignation.

II. RESIGNATION UNDER SECTION 99.012(3)
Resignation under section 99.012(3) must be irrevocable, must be submitted at least ten days prior to qualifying, and must be effective no later than the date the new office commences or the officer's successor must assume office. Gonzalez maintains that only the last of these requirements was fulfilled by Vogel. He disputes that the resignation was irrevocable, and that it was delivered in a timely fashion.
Regarding the issue of irrevocability, Vogel's letter of resignation does not expressly state that it is irrevocable. While such language would be preferable, we do not construe the statute as requiring any magic words. Rather, we believe this portion of the statute is satisfied so long as the letter of resignation imposes no conditions, attempts to reserve no rights in the office currently held, and contains no language suggesting that the officer's intent is in any way equivocal. Vogel's letter fulfills these requirements.
Gonzalez essentially argues that Vogel's letter is a sham. She unsuccessfully sought a similar judicial office in 1990, submitting a similar letter of resignation in the process. When she lost that election, she was promptly rehired. In practical effect Vogel was continuously employed, having suffered neither loss of salary and benefits nor diminution in position.
The trial court, however, found no evidence of subterfuge in Vogel's 1990 rehiring. She was described as "an experienced prosecutor with an outstanding performance record." Presumably the state attorney, confronted with a vacancy, might prefer someone of this caliber to an applicant with less experience. Certainly he could have hired anyone he wanted. The "resign-to-run" requirement prevents an officer, once he or she has chosen to seek another office, from taking measures to insure the prior position will remain available for them in the event of defeat. Nothing in the statute prohibits an appointing authority from voluntarily reappointing an officer who has resigned, just as nothing compels such reappointment. See Op.Atty. Gen. 075-34 (Feb. 17, 1975).
Moreover, there is no evidence in this record of any sub-rosa agreement between Vogel and her employer that she would be rehired if she lost this election. We agree with the circuit court that "[a]ny efforts to characterize the Vogel resignation as somehow not being irrevocable because of her past employment record are misplaced."
The question of the timeliness of this letter was a factual issue that was thoroughly explored in an evidentiary hearing. Vogel resigned by letter, effective December 31, 1992. The original of this letter has not been located; a photocopy was produced from Vogel's personnel file. Vogel testified that she typed the resignation letter herself and that she purposely left it undated. She explained that she wanted to speak to the state attorney in person before submitting the letter, and that she did not know when she might be able to schedule an appointment. Eventually she did meet with the state attorney, then sent the letter, which inadvertently remained undated. Since the letter was forwarded by interoffice mail, it was not date-stamped upon receipt. However, Vogel testified that she submitted the letter no later than May 27, 1992, well outside the deadline imposed by the statute. The trial *477 court did, and was entitled to, accept this testimony as true.
The controversy does not end with these findings. Gonzalez also maintains that Vogel should be disqualified because she failed to provide copies of her letter of resignation to the Governor and the Secretary of State. § 99.012(3)(e)2, Fla. Stat. (1991). It is agreed between the parties that Vogel is also an "appointed officer" for purposes of this subsection. By delivering the letter to the state attorney, Vogel complied with this subsection at least in part, as it requires submission of the resignation to "the officer or authority which appointed [her] to the office [she] holds with a copy to the Governor and the Department of State." (Emphasis added.) She does not dispute her failure to copy the executive officers contemporaneously with that submission, but contends that the statute need not be interpreted as imposing so strict a requirement.
As noted by the circuit court, "[w]hile the statute clearly provides that the resignation must be submitted to the appointing authority at least 10 days prior to the first day of qualifying, there is no specific time reference assigned to the language requiring a copy be sent to the Governor and Department of State." In several of the cases discussed in State ex rel. Shevin v. Stone, 279 So.2d 17 (Fla. 1972), incumbent officers arguably failed to observe strict compliance with the statute in that copies of their letters of resignation were not forwarded to the Governor or Secretary of State until after the resign-to-run deadline. However, the letters were in all cases timely delivered to what the majority described as "the effective body." 279 So.2d at 22 (emphasis in original).[5] Thus the court held "[s]uch transmission will not void or nullify a timely resignation." 279 So.2d at 21. Former Chief Justice Boyd, concurring in part, expressed his opinion that the officers
submitted resignations in good faith efforts to comply with the law, but their letters were not sent to the Governor and Secretary of State in a timely manner. This does not comply with the letter of the law but seems to satisfy the basic legislative intent. At this late date in the election campaigns, names of candidates should not be stricken from the ballot whenever there is substantial compliance with law as in these resignations.
279 So.2d at 22-23. The circuit court's order further states, appropriately, that "[t]his can also be said of candidate Vogel."
Affirmed.
FRANK, A.C.J., and HALL and ALTENBERND, JJ., concur.

ON MOTION FOR REHEARING
In his motion for rehearing Gonzalez takes issue with several aspects of our original opinion. Only one of his arguments merits discussion.
Gonzalez suggests we erred in applying section 99.012(3)(e)2, Florida Statutes (1991), to the facts of this case. This subsection requires "[a]n appointed district, county, or municipal officer" to "submit his resignation to the officer or authority which appointed him to the office he holds, with a copy to the Governor and the Department of State." We found that Vogel, who tendered her resignation to Bill James, as state attorney of the Thirteenth Judicial Circuit, sufficiently complied with the statute despite belated service of copies to the Governor and Secretary of State. Gonzalez disputes that Vogel is governed by Section 99.012(3)(e)2. He maintains that she is a state officer rather than a district, county or municipal officer. Thus, he argues that *478 her resignation should have gone directly to the Governor. § 99.012(3)(e)3, Fla. Stat.(1991). Since that submission was untimely, he maintains that Vogel did not lawfully qualify to run in this election.
We disagree. The statute does not define the term "district." We conclude that Vogel is an appointed district officer. For this statutory purpose, a state attorney's territorial jurisdiction, coinciding with a judicial circuit, is a "district." Art. V, § 17, Fla. Const.; § 27.01, Fla. Stat.(1991). This construction satisfies the apparent intent of the legislature that appointed officials tender their resignation to the superior officer who made the appointment and who would normally accept a resignation. In most instances in which the subordinate is a "state officer," that appointment would come from the Governor or, at least, from a member of the executive branch of government. See Art. IV, Fla. Const. The Governor does not appoint assistant state attorneys. See § 27.181, Fla. Stat.(1991).
Rehearing denied.
FRANK, A.C.J., and HALL and ALTENBERND, JJ., concur.
NOTES
[1] Finding that it would be impracticable to amend the ballot, the circuit court directed that the election go forward and the votes be tabulated. However, the court has enjoined the Supervisor from certifying the election results pending the outcome of this appeal, which we have agreed to expedite.
[2] See § 106.23(2), Fla. Stat. (1991).
[3] Assuming the trial court had found a violation of the leave of absence requirement, we do not need to decide whether disqualification would be the only remedy available to the trial court under section 99.012(6), Florida Statutes (1991). We note that a leave of absence is not required to qualify, but is a step that is taken after qualification. It is arguable that this error could be cured by ordering a restitution of the improperly received pay.
[4] We disagree with Gonzalez that McKane v. Parker, 567 So.2d 501 (Fla. 4th DCA 1990), review denied, 581 So.2d 165 (Fla. 1991), requires a contrary result. McKane holds only that a "subordinate officer," who does not resign before running for office, must take a leave of absence.
[5] This fact also distinguishes Lambeth v. Gluckler, 302 So.2d 429 (Fla. 4th DCA 1974), cited by Gonzalez. Lambeth was a city mayor seeking election to the Martin County Commission. His letter of resignation was "effective at a time and date to be set by Town Commission, but in no event later than November 6, 1974." The district court upheld an order finding noncompliance with the resign-to-run law. Vogel suggests this was proper because the resignation was conditional. However, we believe the dispositive fact was Lambeth's failure to have tendered the resignation to anyone until one day before expiration of the qualifying period, contrary to the express ten-day requirement of section 99.012.