PER CURIAM.
 

 These are consolidated appeals from mandatory injunctions declaring Sandra Ruiz, a term-limited member of the Doral City Council, ineligible to run for the Democratic nomination to the Florida House of Representatives on the ground that she failed to satisfy the requirements of Florida’s “resign-to-run” law, section 99.012, Florida Statutes (2010). We reverse.
 

 Ms. Ruiz presently is serving her second term as a member of the City of Doral Council. Section 2.03 of the City of Doral Municipal Charter prohibits her from seeking a third consecutive term. In June 2010, she qualified as a candidate for the
 
 *126
 
 Democratic nomination to the Florida House of Representatives for District 112. The primary election is scheduled for Tuesday, August 24, 2010.
 

 Florida’s “resign-to-run” law states, “No officer may qualify as a candidate for another state, district, county, or municipal public office if the terms or any part thereof run concurrently with each other without resigning from the office he or she presently holds.”
 
 See
 
 § 99.012(3)(a), Fla. Stat. (2010). It is uncontested that this law applies to city council members, such as Ms. Ruiz, and that she did not resign from her council position before seeking to qualify for the upcoming primary.
 
 See
 
 § 99.012(3)(c), Fla. Stat. (2010). The issue before us, therefore, is whether, if Ms. Ruiz were to win the Democratic primary election next week and the general election on November 2, 2010, the terms will run concurrently for any period of time within the meaning of section 99.012(3)(a). Ms. Ruiz’s primary opponent, Johnny Farias — echoed by Jeanette Nunez, the already victorious candidate by default for the District 112 Republican primary nomination — argues that if Ms. Ruiz ultimately is successful in her quest, there will be a brief several-hour overlap between commencement of her election as a member of the Florida House of Representatives and the conclusion of her term as a member of the Doral City Council. However, we find any such overlap to be insufficient to trigger the requirements of the “resign-to-run” law on the facts of this case.
 

 The theoretical overlap in this case arises from the confluence of the drafter’s serendipity at a constitutional and city charter level. At the constitutional level, article III, section 15 of the Florida Constitution (2010), provides that “Members of the Legislature shall take office upon election.” (Emphasis added). Historically, this provision has been “applied to mean successful candidates for the legislature assume office on the day of the election.”
 
 See
 
 Division of Elections Opinion 10-09 (July 26, 2010).
 
 [1]
 
 Thus, if Ms. Ruiz ultimately is successful in her election bid, she will become a member of the state legislature Tuesday evening, November 2, 2010. On the other hand, the City of Doral Municipal Charter provides that the successor in her present council seat, who also will be chosen on November 2 of this year, will not take office until the day following the general election — i.e. November 3, 2010.
 
 [2]
 
 
 *127
 
 This is so because the Charter under which Ms. Ruiz presently serves the City of Doral provides for rolling four-year terms that “commence on the day following the general election.”
 
 See
 
 § 5.01, City of Doral Municipal Charter.
 

 Ms. Ruiz’s election challengers seek to bolster their argument by positing hypothetical situations under which they assert the ascendancy of hypothetical contingencies (a run-off election or emergency) occurring between the time of election and the commencement of the new council member’s term. We are not persuaded. The City Charter provides that even if for some reason the full membership of the city council is reduced to less than a quorum, the remaining members, by a majority vote, may appoint additional members to meet short-term needs.
 
 See
 
 § 2.05(c)(vi), City of Doral Municipal Charter. There are no dire issues at stake here; and furthermore, the “resign-to-run” law addresses terms that will run concurrently, not terms that in some other hypothetical case might run concurrently.
 

 The object of the law before us is to prevent persons who are running for a new position from the safe haven of a current position to which the candidate can retreat in the event she is unsuccessful.
 
 See Smith v. Crawford,
 
 645 So.2d 513, 520 (Fla. 1st DCA 1994);
 
 Gonzalez v. Vogel,
 
 616 So.2d 473, 476 (Fla. 2d DCA 1993);
 
 see also City of Hialeah v. Martinez,
 
 402 So.2d 602 (Fla. 3d DCA 1981). That object is not being compromised in this case. The appellees urge a mechanistic application of the “resign-to-run” law. Their stratagem is to accomplish an end-run around the sovereign right of the people to select their own officers. The right to vote is among the most important rights we share as Floridians and Americans. The law requires that we resolve doubts
 
 [3]
 
 about qualification of a political candidate in favor of the candidate.
 
 See Ervin v. Collins,
 
 85 So.2d 852, 856 (Fla.1956). For this reason, we reverse with directions to dissolve the injunction and enter judgment in favor of the appellant.
 

 This decision shall take effect immediately and the mandate issue simultaneously with this opinion without regard to any motion for rehearing.
 

 Reversed and remanded with directions.
 

 [1]
 

 . Ms. Ruiz argues in her initial brief that she will not be "elected” to the Florida House of Representatives until the State Canvassing Commission certifies her election under section 102.111 of the Florida Statutes (2010). This argument is not borne out by history. The Florida Constitution has prescribed that members of the state legislature assume office on the day of the election since the time the state was formed.
 
 See
 
 Art. IV, § 2, Fla. Const. (1838);
 
 see also
 
 Art. IV, § 2, Fla. Const. (1861); Art. IV, § 2, Fla. Const. (1865); Art. Ill, § 3, Fla. Const. (1885). It was not until much later that state canvassing commissions first appeared.
 
 See
 
 Ch. 3879, § 35, Laws of Fla. (1889). Moreover, the Florida Constitution, like the United States Constitution,
 
 see
 
 Art. I, § 5, U.S. Const., provides that it is each house of the legislature (not a canvassing commission) that is "the sole judge of the qualifications, elections and returns of its members.”
 
 See
 
 Art. Ill, § 2, Fla. Const.
 

 [2]
 

 . The City Charter provides that the Mayor and council members are to be elected for "four-year terms in the manner provided in Article V of th[e] Charter.”
 
 See
 
 § 2.03, City of Doral Municipal Charter. Section 5.01 (i) of the City Charter provides that "The term of office of any elected official will commence on the day following the general election, or if a run-off is necessary for the office of Mayor or any Seat open at that time, on the day following the run-off election.” There are just two candidates vying for the seat being vacated by Ms. Ruiz. The City Charter does not state when an existing council member’s normal term will end, but it is just as logical
 
 *127
 
 to conclude that her Council term will end as the day of election begins.
 

 [3]
 

 . The panel is not unanimous as to whether doubt exists in this case, however.