SUAREZ, J.
This appeal is taken from a declaratory judgment finding the City of Miami Charter precludes the appellant, City Commissioner Michelle Spence-Jones, from seeking reelection for a third consecutive term. On appeal, as below, the parties dispute the effect of the charter provision stating, “[N]o mayor or city commissioner elected and qualified for two consecutive full terms shall be eligible for reelection in the next succeeding term.” Miami, Fla. Charter, Part I.A. § 4(b). Commissioner Spence-Jones argues she is permitted to seek reelection for a third consecutive term because her temporary suspension[1] from office rendered her unqualified for a portion of her second term. Thus, she argues she was not “elected and qualified for two consecutive full terms.”
Commissioner Spence-Jones was elected to the Miami City Commission for her first full term on November 29, 2005. She was re-elected for a second full term and sworn into office on November 12, 2009. The following day, she was temporarily suspended from office by executive order of the governor. She was elected to fill her own vacancy at the resulting special election but was again suspended by executive order. The City Commission then appointed the appellee, Richard Dunn, to fill the vacancy. On August 24, 2011, the governor restored Commissioner Spence-Jones to office following her acquittal of the subject charges. She received full back pay and the emoluments and allowances for the period of her suspension. Commissioner Spence-Jones is presently completing her second term and has filed a Statement of Candidacy for the November 2018 elections. Mr. Dunn brought the present action seeking to declare her ineligible for re-election, alleging it would constitute an impermissible third consecutive term. The trial court, in a well-reasoned order, determined the City Charter did, in fact, preclude Commissioner Spence-Jones from seeking re-election for the next succeeding term. We agree and affirm.
The sole issue on appeal is a question of statutory interpretation. We find no ambiguity in the charter provision. As such, we are required to interpret it according to its plain meaning. St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982). The phrase “elected and qualified” relates to a candidate’s qualifications to run for office. See Holley v. Adams, 238 So.2d 401, 405 (Fla.1970) (“[(Qualified means the performance of the acts which the person chosen is required to perform before he can enter into office.”).[2] One cannot be lawfully elected without first qualifying for election.
*263 This is the only reasonable interpretation upon review of the charter in its entirety. See Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992) (“Where possible, courts must give full effect to all statutory provisions.”). The charter specifically identifies the qualifications required to run for office. Section 4(c), titled “Qualifications of mayor and city commission,” states “candidates for the city commission shall have resided within the district at least one (1) year before qualifying and be electors in that district, and shall maintain residence in that district for the duration of their term of office.” Miami, Fla. Charter, Part I.A. § 4(c) (emphasis added). Thus, to qualify for election, the office seeker must have resided within the district for one year. Section 7, titled “Election of city commissioners and mayor,” states “[a]ny person qualified to run for mayor or city commissioner shall file an affidavit of candidacy in the form provided by the city clerk_” Miami, Fla. Charter, Part I.A. § 7 (emphasis added). Once again, the term “qualified” relates to qualifications for election. That section also provides “[t]he name of any person qualified as provided in section 4 of this Charter shall be printed upon the ballot as a candidate for the office.... ” Miami, Fla. Charter, Part I.A. § 7 (emphasis added). Again, “qualified” relates to qualifications to seek election.
Conspicuously absent from this list of qualifications is any mention of a gubernatorial suspension pursuant to section 112.51. Under the charter, such suspension does not disqualify a person from seeking election to the office of City Commissioner. Indeed, while suspended, Commissioner Spence-Jones qualified under the Charter and was elected to fill her own vacancy, only to be once again suspended by the governor. Thus, even though suspended, she was “qualified” to seek and obtain election. The term limitation cannot be read to permit a commissioner to seek election to a third consecutive term simply because, although elected and qualified for two full terms, the commissioner failed to serve each day of those terms.[3]
We conclude Commissioner Spence-Jones was elected and qualified, within the meaning of the charter, to two full terms despite her temporary suspension. Accordingly, she is barred from seeking reelection for a third consecutive term.
Affirmed.

. Section 112.51, Florida Statutes (2008), permits the governor, by executive order, to suspend from office "any elected or appointed municipal official ... arrested for a felony or for a misdemeanor related to the duties of office or ... indicted or informed against for the commission of a federal felony or misdemeanor or state felony or misdemeanor." § 112.51(2). Upon being cleared of the charges, the governor must restore the official to office with full back pay and other emoluments from the time of suspension. § 112.51(6).

. Commissioner Spence-Jones encourages this Court to restrict application of the term limitation to candidates who, after election to two full-length terms, remained qualified for and served each day of those terms. Under this interpretation, had the Commissioner been reinstated after a one-week — or even a one-day — suspension, she would be eligible to seek a third consecutive term. We reject this contention. See Palm Beach Cnty. Canvassing Bd. v. Harris, 772 So.2d 1273, 1287 (Fla.2000) ("A statutory provision will not be *263 construed in such a way that it renders meaningless or absurd any other statutory provision.”). As we will explain herein, Commissioner Spence-Jones remained qualified under the charter to hold office during the period of her suspension. The fact that section 112.51(4) temporarily suspended her ability to perform the functions of her office does not alter this interpretation.

. We note that we must assume a legislative body "know[s] the meaning of the words in the statute and [has] expressed its intent by use of those words.” Overstreet v. State, 629 So.2d 125, 126 (Fla.1993). If the drafters of the charter had desired to create the term limitation Commissioner Spence-Jones urges, they could have done so. See Tampa, Fla. Charter § 2.02 ("No person who has ... served as a member of the city council for two consecutive, full terms shall be elected as a council member for the succeeding term.”) (emphasis added).