# Third District Court of Appeal

## State of Florida

Opinion filed September 27, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1735
Lower Tribunal No. 17-12178
_____

**Julio J. Martinez,**
Appellant,

vs.

**Carlos Hernandez, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Jose M. Herrera, for appellant.

Abigail Price-Williams, Miami-Dade County Attorney, Oren Rosenthal and Michael B. Valdes, Assistant County Attorneys; Lorena E. Bravo, City of Hialeah City Attorney; Akerman LLP and Elizabeth M. Hernandez and Lorayne Perez; Rasco Klock Perez Nieto and Joseph P. Klock, Jr.; Thomas A. Cobitz, for appellees.

Before SALTER, EMAS and FERNANDEZ, JJ.

SALTER, J.

Julio J. Martinez ("Martinez") appeals a final judgment in favor of: the City of Hialeah ("City"); the City's incumbent Mayor, Carlos Hernandez ("Hernandez"); the City Clerk for the City of Hialeah, Marbelys L. Rubio-Fatjo; and the Miami-Dade County Supervisor of Elections, Christina White. The legal issue raised by Martinez in his circuit court action was whether the City Charter's term limits for the Office of Mayor precluded incumbent Mayor Hernandez from qualifying to run for a further term in the City's upcoming November 7, 2017, municipal election.

The trial court concluded that Martinez's lawsuit was ripe,[1] and that Hernandez could permissibly qualify and seek election for a further term as Mayor of the City. We affirm.

The trial court entered a thorough and well-reasoned order granting the City's motion for judgment on the pleadings. We merely address our standard of review and summarize the trial court's analysis for the benefit of those who may again confront this interpretive question in other elections for term-limited offices.

Standard of Review

---

[1] Martinez's action for declaratory and injunctive relief was filed in May 2017, before either he or incumbent Mayor Hernandez qualified to run for Mayor in the upcoming election, as the qualifying period for filing for the office was July 10 through 31, 2017. The trial court determined that the matter was ripe for decision, and no party challenges that conclusion here.

The parties correctly acknowledge that this Court reviews an order granting a motion for judgment on the pleadings de novo. See Walker v. Figarola, 59 So. 3d 188, 190 (Fla. 3d DCA 2011) ("A judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law . . . and our standard of review is de novo." (internal citation omitted)). Additionally, the standard of appellate review with respect to the interpretation of a charter or ordinance is de novo. See Kuvin v. City of Coral Gables, 62 So. 3d 625, 629 (Fla. 3d DCA 2010).

The rules of statutory construction are applicable to the interpretation of municipal charters. See Spence-Jones v. Dunn, 118 So. 3d 261, 262 (Fla. 3d DCA 2013) (The plain meaning of the statute is always the starting point in statutory interpretation.); and GTC, Inc. v. Edgar, 967 So. 2d 781, 785 (Fla. 2007) ("[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.").

Analysis

The City's ordinance regarding the term limits applicable to the office of Mayor provides, in pertinent part:

Section 2.01. - Mayor.
. . .

3

(b) *Election and term of office.* In the general election held in November 2001 and in the general election held in November every four years thereafter, a mayor shall be elected who **shall serve for a term of 4 years** or until a successor shall be duly qualified to take office.

(c) *Vacancies.*

(1) Permanent vacancy resulting from death, resignation, recall, court order or other lawful action. If the office of the mayor becomes permanently vacant by reason of death, resignation, recall or other lawful action, such vacancy shall be filled with the person holding the office of council president, who shall exercise all of the duties of the office of mayor and shall perform the duties and assume the responsibilities of that office and **shall become mayor and serve out only that portion of the former mayor's term** that precedes the next regularly scheduled municipal election or state or federal general election for which there is sufficient time to adopt a special election ordinance establishing qualifying periods and related provisions, when an **election shall be held to fill the balance of the term**, if any, . . .

(d) *Term limitations; effective date.* **No person shall be elected to serve as mayor for more than 2 consecutive terms** on and after November 13, 1997.

[Emphasis provided].

Hernandez became Mayor of Hialeah in May 2011 when the then-serving Mayor, Julio Robaina, permanently resigned the office. Hernandez was then serving as president of the City Council, and thus became Mayor to "serve out only that portion of the former mayor's term that preceded the next regularly scheduled municipal election...for which there is sufficient time to adopt a special election

ordinance establishing qualifying periods and related provisions, when an election shall be held to fill the balance of the term, if any," as provided in section 2.01(c).

The City Council then adopted Ordinance No. 11-39, scheduling a special election for November 15, 2011, to fill the permanent vacancy for the balance of the prior Mayor's term (about two years rather than a four-year term). Hernandez ran and was elected in that special election.

In the next general election for the office of Mayor (and a four-year term) in November 2013, Hernandez also ran and was elected Mayor. Martinez's complaint boils down to a legal argument that "2 consecutive terms" in section 2.01(d) of the ordinance includes a partial term of less than four years (which section 2.01(c) refers to initially as "the former mayor's term"). To express it another way, two uninterrupted, consecutive mayoral terms would comprise eight years of service, but if Hernandez is qualified and elected again in November 2017 (and if he serves that full four-year term), he will have served about ten and one-half years as Mayor. But if it is determined that his service as Mayor for the balance of former Mayor Robaina's term counts as Hernandez's "term" and he is disqualified on that basis, he will only have been allowed to serve about six and one-half years.

The trial court correctly applied two legal principles to this scenario in rejecting Martinez's argument that the partial, remaining term of a resigned Mayor

5

should be counted against the successor as if it is a full term for purposes of section 2.01(d). First, as a matter of statutory interpretation and plain meaning, the text of section 2.01(b) expressly provides for elections every four years to select a Mayor for a four-year term. The unusual circumstances resulting in a particular four-year term not being fully served affect the "former mayor's term," implying that whatever part of that term remains is not counted as a full "term" attributable to the successor. This common-sense conclusion also was reached in the two closest reported cases in Florida: Ervin v. Collins, 85 So. 2d 852 (Fla. 1956) (concluding that the Governor, who had been elected in a special election to fill a portion of an unexpired term, could not be considered ineligible to run for re-election for a full term); and Vieira v. Slaughter, 318 So. 2d 490 (Fla. 1st DCA 1975) (holding that a two-year, nine-month transitional term, followed by a full four-year term, did not constitute a term of office within the meaning of a charter provision prohibiting a mayor who has served for two consecutive terms from running for a third term).

Second, the trial court properly relied on an interpretive canon applicable to Florida election cases. See Ruiz v. Farias, 43 So. 3d 124, 127 (Fla. 3d DCA 2010) ("The law requires that we resolve doubts about qualification of a political candidate in favor of the candidate."). The Florida Supreme Court has recently underscored the basis for that rule of construction: "the right to be a candidate for public office is a valuable one and no one should be denied this right unless the

Constitution or an applicable valid law expressly declares him to be ineligible." Wright v. City of Miami Gardens, 200 So. 3d 765, 775 (Fla. 2016). The Hialeah ordinance at issue in this case does not "expressly" characterize a successor's partial term (filling a vacancy in the office of Mayor) as a "term" for purposes of the term limitations in section 2.01(d).

Martinez's final argument is that section 166.021(4), Florida Statutes (2017), precludes the City from (in effect) modifying the term limitation provision of the City ordinance "without approval by referendum of the electors." Martinez asserts that it would be necessary for the ordinance to be amended by the voters to clarify that a partial term, served to fill a vacancy, is not a "term" for purposes of section 2.01(d).

This argument is unavailing, because, as already noted, we have concluded that the ordinance and term limitation provisions are clear enough as they presently exist. Martinez remains free, of course, to support an amendment to section 2.01 for consideration by the voters of Hialeah at a later date to effectuate his own position that a partial term to fill a vacancy is a "term" for purposes of section 2.01(d).

For all these reasons, the final judgment in favor of the appellees is affirmed.[2]

---

[2] We granted Martinez's motion to expedite briefing and consideration of this case. We deny his pending request for oral argument, as we do not find it necessary to our resolution of the legal issues presented in the parties' written submissions.