# Third District Court of Appeal

## State of Florida

Opinion filed August 18, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1918
Lower Tribunal No. 20-15656
_____

**Christian Lacayo,**
Appellant,

vs.

**Versailles Gardens I Condominium Association, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Cornish Hernandez Gonzalez, PLLC, and Igor Hernandez; MAC Legal, P.A., and Michael A. Citron (Hollywood), for appellant.

Weinberg Wheeler Hudgins Gunn & Dial, LLC, Lawrence E. Burkhalter and Theodore J. O'Brien, for appellee.


Before GORDO, LOBREE and BOKOR, JJ.

GORDO, J.

Christian Lacayo appeals the trial court's order dismissing his case with prejudice. We have jurisdiction. <u>See</u> Fla. R. App. P. 9.030(b)(1)(A). The trial court dismissed Lacayo's lawsuit as it determined that Miami-Dade County Ordinance 30-479 (the "Ordinance") was inapplicable to this suit because it was brought against the property owner, Versailles Gardens I Condominium Association, Inc. Lacayo argues the plain language of the Ordinance clearly imposes liability on "[a]ny person who improperly causes a vehicle to be immobilized," not just "a person providing immobilization services." We agree, reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Lacayo had his car immobilized by Dade Booting, LLC, while parked in Versailles Gardens' complex. Upon discovering this, Lacayo paid Dade Booting to have the boot removed from his vehicle.

Lacayo then filed suit against Versailles Gardens[1] pursuant to the Ordinance.[2] The Ordinance is titled "Requirements for immobilizing vehicles without prior consent of vehicle owner or duly authorized driver of vehicle." It provides, in relevant part, that "[a]ny person who improperly

---

[1] Lacayo chose not to name Dade Booting as a defendant.

[2] Although Lacayo's complaint was a class action, the issues pertaining to class certification were not argued to the trial court and are not subject to consideration at this time. We therefore express no opinion with regard to class certification.

2

causes a vehicle to be immobilized shall be liable to the vehicle owner or his authorized representative for the cost of the services provided, any damages results [sic] from the immobilization, and the immobilization and attorney's fees." Miami-Dade Cty. Ord. § 30-479(14).

Lacayo's complaint alleged that Versailles Gardens had illegally caused his vehicle to be immobilized. Dade Booting, he stated, was acting as Versailles Gardens' agent at the time of the immobilization. The complaint alleges immobilization was unlawful because Versailles Gardens did not have the proper signage to put vehicle owners on notice.

In lieu of answering the complaint, Versailles Gardens filed a motion for judgment on the pleadings or, in the alternative, a motion to dismiss Lacayo's complaint. The motion argued that the proper party from which recovery could be sought was Dade Booting, not Versailles Gardens. It further argued that the plain text of the ordinance did not create a cause of action against the property owner, but rather only against the company providing immobilization services.

The trial court held a hearing on the motion and granted judgment on the pleadings, finding the Ordinance inapplicable. The trial court afforded Lacayo an opportunity to amend the complaint based on its ruling, but

3

Lacayo declined to do so. As a result, the trial court dismissed the lawsuit with prejudice.

**LEGAL ANALYSIS**

"[T]he standard of appellate review with respect to the interpretation of a charter or ordinance is de novo." Martinez v. Hernandez, 227 So. 3d 1257, 1259 (Fla. 3d DCA 2017) (citation omitted). "As a general rule, statutory interpretation begins with the plain meaning of the statute." Fla. Birth-Related Neurological Injury Compensation Ass'n v. Dep't of Admin. Hearings, 29 So. 3d 992, 997 (Fla. 2010) (citation omitted). "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." A.R. Douglass, Inc. v. McRainey, 137 So. 157, 159 (Fla. 1931) (citation omitted).

The plain language of the Ordinance is not ambiguous as to who may be held liable for unlawful immobilizations. Indeed, the Ordinance plainly states that "**[a]ny person** who improperly causes a vehicle to be immobilized shall be liable to the vehicle owner." Miami-Dade Cty. Ord. § 30-479(14) (emphasis added). Elsewhere in the Ordinance, the Commissioners specifically refer to "a person providing immobilization

4

services."  Thus, if they intended to impose liability upon the "person providing immobilization services," they would have stated as much. Instead, they impose liability more generally on "[a]ny person who improperly causes a vehicle to be immobilized."  Based on the allegations in Lacayo's complaint, that would include Versailles Gardens in this case.

Versailles Gardens argues that the prefatory clause of the Ordinance[3] should control interpretation of the remainder of the Ordinance's text because the reference to "a person providing immobilization services" in that clause is more general than the later provision imposing liability on "any person who improperly causes a vehicle to be immobilized."  Because the plain language of the ordinance is clear and unambiguous, however, we do not resort to the cannons of statutory construction, such as this one.  See Westphal v. City of St. Petersburg, 194 So. 3d 311, 314 (Fla. 2016) (stating that where a statute is "plainly written," it "does not permit this Court to resort to rules of statutory construction" (citation omitted)); Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla.

---

[3] The prefatory clause states, "It is unlawful for a person providing immobilization services to immobilize a vehicle owned by another person which is parked on private property without permission or authority of the owner or duly authorized driver of that vehicle, unless the following requirements are satisfied: . . ."  Miami-Dade Cty. Ord. § 30-479.  The Ordinance goes on to list several requirements for signage, fees, and immobilization procedures.

5

2005) ("When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." (citation omitted)); <u>Rivera v. State Farm Mut. Auto. Ins. Co.</u>, 317 So. 3d 197, 202 (Fla. 3d DCA 2021) (same (quoting <u>Borden v. E.-European Ins. Co.</u>, 921 So. 2d 587, 595 (Fla. 2006))); <u>Fla. Retail Fed'n, Inc. v. City of Coral Gables</u>, 282 So. 3d 889, 895 (Fla. 3d DCA 2019) ("There is no need to resort to rules of statutory construction because the statutory text is clear." (citations omitted)).

Reversed and remanded.