# Third District Court of Appeal

## State of Florida

Opinion filed August 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2172
Lower Tribunal No. 23-18997
_____

**Karla Pacheco,**
Appellant,

vs.

**Waldo Acebo, M.D., P.A., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Gallup Auerbach and Dana M. Gallup (Hollywood), for appellant.

SMM Law, P.A., and Suhaill M. Morales, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

GORDO, J.

Karla Pacheco ("Pacheco") appeals a final order entered in favor of Waldo Acebo, M.D., P.A. ("Acebo"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's order, we affirm.

Pacheco filed a discrimination complaint with the Miami-Dade Commission on Human Rights (the "Commission"), alleging sexual harassment by her employer, Acebo. After investigation, the Commission issued a no-probable-cause determination with a right to appeal within fifteen days, or the decision would become final and enforceable in circuit court.[1] Pacheco did not appeal and later filed a lawsuit against Acebo. Acebo moved to dismiss for failure to exhaust her administrative remedies. After hearing, the trial court granted Acebo's motion and dismissed Pacheco's complaint with prejudice.

"A trial court's order granting a motion to dismiss is reviewed *de novo.*" Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014).

---

[1] Chapter 11A-28 of the Miami-Dade County Code of Ordinances required Pacheco to file an appeal or request a hearing within fifteen days of the Commission's recommended order. See Miami-Dade County, Fla., Code of Ordinances, ch. 11A, art. IV, § 28(7)(c) ("The [Commission's] recommended order shall become final fifteen (15) days after issuance, unless a hearing is requested pursuant to Section 11A-28(9).").

On appeal, Pacheco argues the trial court erred in dismissing her complaint with prejudice for failure to exhaust administrative remedies. Because the unambiguous and plain language of section 11A-28(7)(c) of the Miami-Dade County Code explicitly required Pacheco to file an appeal or request a hearing before resorting to the court for relief, we find the trial court properly dismissed Pacheco's complaint with prejudice for failure to exhaust her administrative remedies.  See Martinez v. Hernandez, 227 So. 3d 1257, 1259 (Fla. 3d DCA 2017) ("When the language of the statute [or local ordinance] is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute [or ordinance] must be given its plain and obvious meaning." (quoting GTC, Inc. v. Edgar, 967 So. 2d 781, 785 (Fla. 2007))); Wood v. Twin Lakes Mobile Homes Vill., Inc., 123 So. 2d 738, 740 (Fla. 2d DCA 1960) ("It is well settled that a party aggrieved by the application of a statute or ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief."); Robinson v. Dep't of Health, 89 So. 3d 1079, 1083 (Fla. 1st DCA 2012) ("[W]e are not at liberty to judicially engraft into the Act an avenue for Appellant to pursue her [claim] other than those provided under the Act. Because Appellant failed to appeal the dismissal, she did not exhaust her

3

administrative remedies.  As a result, the circuit court correctly ruled that her claim . . . is barred.") (citation omitted).

Pacheco further argues the Commission violated her due process rights.  Because the Commission's recommended order granted Pacheco the right to appeal and request a hearing, we find no due process violation. See Thomas v. Cromer, 276 So. 3d 69, 72 (Fla. 3d DCA 2019) ("A trial court 'provides due process if the complaining party was given notice and an opportunity to be heard.'" (quoting Nationstar Mortg., LLC v. Weiler, 227 So. 3d 181, 183 (Fla. 2d DCA 2017))); Tauber v. State Bd. of Osteopathic Med. Exam'rs, 362 So. 2d 90, 92 (Fla. 4th DCA 1978) (holding that "due process requirements are satisfied if an opportunity for a meaningful hearing is provided"); Reddick v. Univ. of S. Fla. Bd. of Trs., 362 So. 3d 300, 305-06 (Fla. 2d DCA 2023) ("For due process purposes, a notice is adequate if it reasonably conveys the required information and provides a reasonable time for parties to appear and present their positions . . . .").

Affirmed.