# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1435
Lower Tribunal No. 21-5192
_____

**IMC Property Management and Maintenance, Inc.,**
Appellant,

vs.

**Westchester Surplus Lines Insurance Company**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Mintz Truppman, P.A., and Timothy H. Crutchfield, Jamie Mathew, Mark J. Mintz and Marshal E. Mintz, for appellant.

Carlton Fields, P.A., and Steven J. Brodie, Heidi Hudson Raschke (Tampa), Andrew K. Daechsel (West Palm Beach) and Benjamin E. Stearns (Tallahassee), for appellee.

Before EMAS, SCALES, and GORDO, JJ.

SCALES, J.

Appellant IMC Property Management and Maintenance, Inc. ("Insured") appeals a final judgment on the pleadings in favor of appellee Westchester Surplus Lines Insurance Company ("Insurer"). Insured challenges the trial court's construction of a provision in an insurance policy providing coverage for business interruption damages.[1] We review *de novo*

---

[1] The provision in the policy's Endorsement for Non-Physical Damage Business Interruption reads in relevant part as follows:

1) This policy shall cover the Actual Loss Sustained resulting from necessary interruption of or interference with business conducted by the Insured caused by any of the perils listed below:
. . . .

C) CONTAGIOUS DISEASE – This policy is extended to insure loss as Insured hereunder when there is an interruption or interference with the business of the insured as a consequence of an order by a competent public authority due to:

i) Infectious or contagious disease manifested by any person while on the premises of the Insured;
ii) Injury or illness sustained by any person arising from or traceable to a foreign or injurious matter in food and drink provided on the premises of the Insured or threat thereof;
iii) The existence or threat of hazardous conditions either actual or suspected at the premises of the Insured.

the challenged judgment, <u>Martinez v. Hernandez</u>, 227 So. 3d 1257, 1259 (Fla. 3d DCA 2017), and affirm.

Due to COVID-19, governmental entities issued shutdown orders during March, April and May of 2020, that required Insured to close its commercial properties to the public. Insured submitted a claim to Insurer seeking coverage for business interruption, which Insurer denied. Insured's lawsuit seeking declaratory relief ensued.

The plain and unambiguous language of the relevant policy provision (sub-paragraph 1.C.iii.) covers business interruption losses only if a government shutdown order is issued "due to" a threat of a hazardous condition at "the premises of the Insured." The same term – "the premises of the Insured" – is used in both sub-paragraphs i. and ii., as well, and in these sub-paragraphs this term plainly and unambiguously means that coverage is triggered only by those shutdown orders *specific* to the Insured's premises.

It is well settled that insurance contracts are construed in accordance with the plain language of the policy, <u>Swire Pac. Holdings, Inc. v. Zurich Ins. Co.</u>, 845 So. 2d 161, 165 (Fla. 2003), and identical terms in an insurance policy are presumed to have the same meaning. <u>See</u> <u>Landmark Am. Ins. Co. v. Pin-Pon Corp.</u>, 155 So. 3d 432, 439 (Fla. 4th DCA 2015). Thus, we read

sub-paragraph iii., as did the trial court, to mean that, to trigger coverage, the shutdown order must specifically target Insured's premises.

The shutdown orders – directed generally to a myriad of commercial properties as a result of the COVID-19 pandemic – *affected* Insured's properties. Nothing in the record (including the texts of the shutdown orders attached to Insured's declaratory judgment complaint), however, supports Insured's argument that the orders were issued "due to" specific conditions at the premises of the Insured, as this term – "the premises of the insured" – is used throughout the Endorsement.

Affirmed.